**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

Plaintiff,

v.

[11] JOSE TRINIDAD-JORGE,

Defendant.

CRIMINAL NO. 16-282 (ADC)(HRV)

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pending before the Court are four motions filed by *pro se* defendant Jose Trinidad-Jorge (hereinafter "Mr. Trinidad-Jorge") seeking a reduction of his sentence pursuant to the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i). (Docket Nos. 3231, 3358, 3427 and 3565). These motions have been referred to me for report and recommendation. For the reasons outlined below, I recommend that they be DENIED.

*Background*

For his role as a maximum leader of La Asociación ÑETA, on May 9, 2016, Mr. Trinidad-Jorge was charged in two counts of a four-count indictment with a RICO enterprise that, among other things, engaged in drug distribution and murder inside the Puerto Rico prison system. (Docket No. 3). He was also charged with conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846. (*Id.*) On May 17, 2017, he pleaded guilty to count one of the indictment—the RICO count.

1

(Docket Nos. 1015, 1019). The Court sentenced Mr. Trinidad-Jorge on December 18, 2017, to a term of imprisonment of 210 months, to be followed by five (5) years of supervised release. (Docket Nos. 1641, 1642). The term of imprisonment was ordered to be served concurrently with his 198-year state sentence. He currently is housed at the USP Lee facility of the Bureau of Prisons ("BOP"), with an estimated release date of April 9, 2031.

On December 8, 2020, Mr. Trinidad-Jorge filed his original motion for compassionate release. (Docket No. 3231). The motion is based on the risks associated with the COVID-19 virus. The motion alerts the court about several health conditions he suffers from which, according to the defendant, place him at an increased risk of death or serious illness if he were to contract the virus. Mr. Trinidad-Jorge contends that he has presented extraordinary and compelling reasons warranting a sentence reduction to time-served.[1] He has supplemented his motion several times. (Docket Nos. 3357, 3358, 3427, 3565).

The government originally opposed on January 21, 2021. (Docket No. 3250). More recently, on April 2, 2024, the United States filed a comprehensive supplemental response to defendant's motions for compassionate release. (Docket No. 3568).

The pending compassionate release motion and supplemental pleadings were referred to me for report and recommendation on February 23, 2024. (Docket No. 3561).

---

[1] It should be noted that if granted, a reduction of sentence to time-served, does not mean Mr. Trinidad-Jorge is released. He will have to be returned to the Puerto Rico Department of Corrections to serve the balance of his 198-year sentence.

2

***Applicable Law and Discussion*[2]**

The so-called compassionate release statute allows a court acting on a defendant-filed motion—as long as such reduction is consistent "with applicable policy statements issued by the Sentencing Commission"—to

> reduce the term of imprisonment (and… impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i).  This statute is one of the very few exceptions to the rule that once imposed, a term of imprisonment shall not be modified. *United States v. Saccoccia*, 10 F.4th 1, 3 (1st Cir. 2021).

To grant a compassionate release motion, the court must find that a defendant has established three things: (1) that extraordinary and compelling reasons warrant a sentence reduction; (2) that the reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and (3) that relief is appropriate under

---

[2] In his original motion, Mr. Trinidad-Jorge submitted evidence that he requested from the warden of his facility that a compassionate release motion be filed on his behalf and that more than 30 days elapsed without the warden acting on said request. (Docket No. 3231-1). In its first opposition, the government discussed the exhaustion requirement of 18 U.S.C. § 3582(c)(2) but stopped short of arguing failure to exhaust. (Docket No. 3250).  Moreover, in its supplemental response in opposition, the government did not address the matter at all. (Docket No. 3568).  I thus find that Mr. Trinidad-Jorge exhausted administrative remedies before moving for compassionate release. In any event, even if he hadn't, the exhaustion requirement is not a jurisdictional bar; rather, it is a mandatory claim processing rule. *See United States v. Texeira-Nieves*, 23 F.4th 48, 53 (1st Cir. 2022)("In our judgment . . . [the] exhaustion requirement is not a jurisdictional limitation . . . .").  As such, the government can waive it "either expressly or by failing to raise it as a defense." *United States v. Newton*, No. 17-cr-0073-JAW, 2023 WL 8529442; 2023 U.S. Dist. LEXIS 218588 (D. Me. Dec. 8, 2023)(citations omitted).

the circumstances of the case after considering the applicable 18 U.S.C. § 3553(a) factors. *See United States v. Quiros-Morales*, 83 F.4th 79, 84 (1st Cir. 2023).

With respect to the first prong—whether the reasons advanced by the defendant are extraordinary and compelling—the determination is "guided by the plain meaning of those terms." *United States v. Canales-Ramos*, 19 F.4th 561, 566 (1st Cir. 2021). "The plain meaning of 'extraordinary' suggests that a qualifying reason must be a reason that is beyond the mine-run either in fact or in degree . . . . By the same token, the plain meaning of 'compelling' suggests that a qualifying reason must be a reason that is both powerful and convincing." *Id.* (citations omitted).

Prior to November 1, 2023, and because the Sentencing Commission had not issued an amended policy statement applicable to prisoner-initiated compassionate release motions, the First Circuit held that district courts had discretion to "consider any complex of circumstances raised by a defendant, as forming an extraordinary and compelling reason warranting relief." *United States v. Ruvalcaba*, 26 F.4th 14, 28 (1st Cir. 2022). Subsequently, in *United States v. Trenkler*, 47 F.4th 42, 47-48 (1st Cir. 2022), it was clarified that pursuant to the holding in *Ruvalcaba*, district courts "may conduct a holistic review to determine whether the individualized circumstances [of the defendant], taken in the aggregate, present an 'extraordinary and compelling' reason to grant compassionate release," including alleged sentencing errors.

It is imperative to note that the Sentencing Commission's policy statement regarding defendant-filed motions for compassionate release is now in effect. *See* U.S.S.G. § 1B1.13 (Nov. 1, 2023). Consequently, the court "must take heed of" the policy statement as noted in *United States v. Rivera-Rodriguez*, 75 F.4th 1, 18 n.22 (1st Cir.

4

2023), and consider its scope in deciding what constitutes an extraordinary and compelling reason. *United States v. Quiros-Morales*, 83 F.4th at 84.

In the policy statement, the Sentencing Commission has identified six circumstances that individually or in combination may provide extraordinary and compelling reasons for a reduction in sentence. U.S.S.G. § 1B1.13(b). These are: certain medical circumstances such as a terminal illness or inability to receive medical care while incarcerated, *id.*, § 1B1.13(b)(1); the defendant's age, *id.* § 1B1.13(b)(2); the defendant's family circumstances, *id.* § 1B1.13(b)(3); the defendant having been the victim of sexual or physical abuse by or at the direction of a correctional officer, *id.* § 1B1.13(b)(4); a catch-all provision of any other reason or combination of reasons similar in gravity to those described in (1) through (4), *id.* § 1B.13(b)(5); and if the defendant received an unusually long sentence, *id.* § 1B1.13(b)(6). With respect to medical circumstances, the policy statement provides in pertinent part that extraordinary and compelling reasons exist when:

>  (B) The defendant is—
>
>  (i)    suffering from a serious physical or medical condition,
>
>  ****
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. § 1B1.13.

5

After careful consideration, and for substantially the same reasons advanced by the government at Docket No. 3568, I find that Mr. Trinidad-Jorge has not established the existence of extraordinary and compelling reasons to warrant a reduction of his sentence. According to medical records, defendant's asthma condition, which is the only medical condition he has that could potentially cause him to be severely affected if infected with the COVID-19 virus, is being adequately managed by the BOP. (*See* Docket No. 3568-1). Moreover, the defendant already contracted and recovered from COVID-19. Critically important, he has been vaccinated. *See United States v. Figueroa-Gibson*, No. 16-802 (RAM), 2024 WL 376432, 2024 U.S. Dist. LEXIS 21088 (D.P.R. Jan. 31, 2024)(denying compassionate release to a fully-vaccinated defendant who suffered from asthma.). It should be noted that "[w]hile COVID-19 is still a threat, the conditions that exist today are nothing like the extreme measures that were necessary at the beginning of the pandemic." *United States v. Fabian*, Cr. No. 21-00054-MSM-LDA, 2023 WL 8449453, 2023 U.S. Dist. LEXIS 216856, at *5 (D.R.I. Dec. 6, 2023); *see also United States v. Doe*, Cr. No. 18-10360-MLW, 2023 U.S. Dist. LEXIS 105316, at*2-3 (D. Mass. June 16, 2023)("The COVID-19 pandemic was extraordinary[;][h]owever, it no longer constitutes the emergency that it once did.") Since then, correctional facilities have developed procedures to ameliorate the risk of infection, vaccines are readily available, and transmission within the prison population is relatively low.[3] *See United States v.*

---

[3] Statistics from the BOP show the majority of the facilities at zero (0) cases. The facility with the highest number of open COVID-19 cases is at 32, out of a prison population of 680 inmates. *See* BOP Statistics: Inmate COVID-19 (last visited April 15, 2024).

6

*Berrios-Cruz*, Criminal No. 12-0162 (GMM), 2023 WL 4838152, 2023 U.S. Dist. LEXIS 131366, at *9 (D.P.R. July 28, 2023)(noting that as pandemic conditions evolved, factors that satisfied the extraordinary and compelling standard at the beginning of it, were less likely to satisfy the standard today, particularly with the widespread availability of vaccines.). Simply put, nothing in the record comes close to showing that any medical condition of Mr. Trinidad-Jorge is being mishandled by the BOP, or substantially interfering with his ability to provide self-care.

Finally, assuming *arguendo* the existence of extraordinary and compelling reasons, I find that a modification of Mr. Trinidad-Jorge's sentence would be inconsistent with the § 3553(a) factors and that he continues to be a danger to the community. The seriousness of the offense, the need to provide just punishment, the need to protect the public, and the need to promote respect for the law weigh heavily against a reduction of sentence. *See United States v. Martinez*, No. 2:18-cr-00089-JAW, 2023 WL 3305674, 2023 U.S. Dist. LEXIS 79444 at *29 (D. Me. May 8, 2023). Mr. Trinidad-Jorge accepted responsibility for his participation in a RICO enterprise that included acts of facilitating murder for hire and distribution of controlled substances in prison. All while serving lengthy local sentences for murder.

### *Conclusion*

In view of the above, I recommend that the defendant's motions for compassionate release be DENIED.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within 14 days**. Failure to file timely and

specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED**

In San Juan, Puerto Rico this 15th day of April, 2024.

S/Héctor L. Ramos-Vega
HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE